UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLINTON RUTHERFORD,**

    **Plaintiff,**

  v.                                 **Civil Action 2:24-cv-764**
                                        **Judge Algenon L. Marbley**
                                        **Magistrate Judge Chelsey M. Vascura**

**CORBY FREE,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, Clinton Rutherford, an Ohio inmate who is proceeding without the assistance of counsel, sues Defendant, Ashley Marsh, under 42 U.S.C. § 1983 for alleged violation of his First Amendment rights arising out of the handling of his legal mail. (Compl., ECF No. 4.) This matter is before the Court on the parties' cross-motions for summary judgment. (ECF Nos. 33, 36.) For the reasons below, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 33) be **GRANTED** and that Plaintiff's Motion for Summary Judgment (ECF No. 36) be **DENIED**.

                              **I.**        **BACKGROUND[1]**

On February 9, 2023, Plaintiff attended a mail call at Chillicothe Correctional Institution ("CCI") and received mail from the United States District Court for the Southern District of Ohio. (Informal Compl., ECF No. 4, PAGEID #198.) Plaintiff had requested copies of two

---

[1] This summary is limited to facts relevant to the claims that survived the Court's initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A.

motions from the Court, but when he received the mailing on February 9, 2023, pages were missing from both motions, and part of one of them had been replaced with a "God's Holiness News" pamphlet. (*Id.*; ECF No. 4, PAGEID #259–72.) Plaintiff alleges that his legal mail must have been tampered with by prison staff, as the Court would not include a religious pamphlet in response to a request for a copy of legal filings. (*Id.*)

Plaintiff filed an informal complaint on February 10, 2023, asserting that mailroom staff had not followed the appropriate legal mail policy, which requires that legal mail be opened in the presence of the recipient inmate, when providing him with mail from the Court. (*Id.*) On February 13, 2023, Defendant Lieutenant Ashley Marsh responded to Plaintiff's informal complaint, stating that mail from the Court would have been processed as regular mail if it was not marked with a control number, but Plaintiff could ask mailroom staff for a new copy of the mailing. (*Id.*) On February 17, 2023, Plaintiff spoke to mailroom staff, who told Plaintiff that a trainee had incorrectly copied Plaintiff's mail. (*Id.*) Plaintiff was then provided with a correct copy of his mail from the Court. (*Id.*) Plaintiff continued to pursue his grievance, however, as he still objected to mail from the Court being opened outside his presence. (*Id.*) On Mary 7, 2023, Defendant Cory Free, CCI's institutional inspector, "granted" Plaintiff's grievance, stating that the mailroom staff could not find the original mailing from the Court, which violated the Ohio Department of Rehabilitation and Correction's ("ODRC") policy of keeping all mailings on file for 30 days. (*Id.*) But Mr. Free did not address Plaintiff's complaints of his mail from the Court being treated as regular mail, and stated that "[t]his office will take no further action concerning this matter." (*Id.*) Plaintiff appealed this determination to the Office of the Chief Inspector, who affirmed Defendant Free's decision. (*Id.* at PAGEID #201.)

2

Plaintiff alleges that, despite his complaints, CCI continues to mishandle his legal mail. Plaintiff commenced this action on February 22, 2024, seeking injunctions to require CCI to follow the correct legal mail policy and to prevent prison staff from retaliating against him for filing this suit, as well as $225,000 in compensatory damages and attorney's fees and costs. (Compl., ECF No. 4, PAGEID #194; Civil Cover Sheet, ECF No. 1-2, PAGEID #66.)

The undersigned conducted an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The undersigned recommended dismissal of all claims in Plaintiff's Complaint except for Plaintiff's individual- and official-capacity First amendment legal mail claims against Defendant Marsh arising out of the February 9, 2023 court mailing. (ECF No. 5-1.) That recommendation was adopted by the District Judge on May 1, 2024. (ECF No. 9.)

Defendant Marsh moved for summary judgment on December 20, 2024 (ECF No. 33), and Plaintiff cross-moved for summary judgment on January 8, 2025 (ECF No. 36). Plaintiff's Motion, however, merely repeats allegations from his Complaint, and Plaintiff submits no evidence or verified allegations that the Court may consider under Federal Rule of Civil Procedure 56.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air*

*Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III.     ANALYSIS

Plaintiff advances an official-capacity claim for injunctive relief and an individual-capacity claim for damages against Defendant Marsh arising out of the February 9, 2023 court mailing that was treated as regular instead of legal mail.

"A prisoner's right to receive mail is protected by the First Amendment . . . ." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). The protection is heightened when the incoming mail is legal mail. *Id.* at 874. Prior to April 8, 2022, the Ohio Administrative Code prevented state

4

prison officials from opening or inspecting "legal mail," including mail from a state or federal court, outside the presence of the inmate to whom it was addressed:

> "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee.

O.A.C. 5120-9-17(B)(2) (valid through April 7, 2022). This procedure was consistent with the holding of the United States Court of Appeals for the Sixth Circuit in *Sallier*, which held:

> In order to guard against the possibility of a chilling effect on a prisoner's exercise of his or her First Amendment rights and to protect the right of access to the courts, we hold that mail from a court constitutes "legal mail" and cannot be opened outside the presence of a prisoner who has specifically requested otherwise.

343 F.3d at 877. *Sallier* also emphasized that an "opt-in system" (in which legal mail must be opened in an inmate's presence if the inmate has made a specific request to that effect) is "constitutionally sound" only so far as "prisoners received written notice of the policy, did not have to renew the request upon transfer to another facility, and were not required to designate particular attorneys as their counsel." *Id.* at 874 (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992)).

On April 8, 2022, an amended version of O.A.C. 5120-9-17, describing a new legal mail policy, went into effect. The amended version provides:

> "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee ***that is marked with a valid control number provided by the department***. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee. ***If mail is received from any of the groups listed without a valid control number, then it may be treated as a regular, non-legal mail, as set forth in paragraph (B)(1) of this rule.***

5

O.A.C. 5120-9-17(B)(2) (effective April 8, 2022) (emphasis added). Thus, the amended Code provision creates a new requirement for senders of legal mail, including courts and attorneys, to obtain a control number before mailing and to mark the envelope with that number.

Plaintiff asserts that CCI's February 9, 2023 handling of his mail from this Court in accordance with this policy violates his First Amendment right to have mail from courts opened in his presence.

A.     **Official-Capacity Claim**

Plaintiff was permitted to proceed "on his official-capacity claims to the extent he seeks injunctive relief to redress ongoing violations of his First Amendment legal mail rights." (April 1, 2024 R.& R. 9, ECF No. 5-1; adopted May 1, 2024 Op. & Order, ECF No. 9.) All of Plaintiff's alleged legal mail violations involved CCI's treatment of mail sent by the United States District Court for the Southern District of Ohio as regular mail for lack of a control number affixed to the envelope. (*See* Informal Compl., ECF No. 4, PAGEID #198.) His official-capacity claim for injunctive relief would therefore be satisfied by a change in ODRC policy requiring that mail from federal courts be treated as legal mail, regardless of whether that mail includes a control number.

Since Plaintiff commenced this action, ODRC has entered into a "Stipulated Order Regarding Legal Mail from Federal Courts" in another case brought by a different prisoner complaining of ODRC's legal mail handling practices. (June 25, 2024 Stipulated Order, Case No. 2:22-cv-21, ECF No. 91.) The Stipulated Order requires ODRC to treat mail from federal courts as legal mail, regardless of whether the mail includes a control number:

> ODRC, its institutions, and its mailrooms, mailroom supervisors, mailroom staff, and institution staff and employees, [will] treat all mail sent from the United States District Courts, including the Northern District of Ohio and the Southern District of Ohio, and the United States Sixth Circuit Court of Appeals, and the United States Supreme Court ("federal courts") as "legal mail" whether or not it was assigned a

6

> control number. All mail sent by federal courts and addressed to incarcerated persons at the address of record, shall be delivered to the incarcerated person at the institution where he or she is housed and processed and treated at the institution by ODRC staff and employees as legal mail under the processes promulgated and required under ODRC Policy No. 75-MAL-03.

(*Id.* at ¶ 20.) The Stipulated Order is subject to the continuing jurisdiction of the United States District Court for the Southern District of Ohio to enforce it. (*Id.* at 25.) Accordingly, ODRC is already subject to a Court order effecting the policy change sought by Plaintiff's official-capacity claim for prospective injunctive relief. Plaintiff's official-capacity claim is therefore moot such that this Court lacks subject-matter jurisdiction over this claim. *See Doe v. Univ. of Mich.*, 78 F.4th 929, 948 (6th Cir. 2023).[2]

**B.     Individual-Capacity Claim**

Plaintiff's claim for damages arising from the February 9, 2023 mishandling of his legal mail is not mooted by ODRC's subsequent change in policy. Even so, Defendant has shown that she lacked the necessary personal involvement in the mishandling of Plaintiff's legal mail to incur liability under § 1983. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To establish the second element, a plaintiff must show "personal involvement" by the defendant *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official

---

[2] Because the Court lacks subject-matter jurisdiction over Plaintiff's official-capacity claim, the Court need not consider Defendant's arguments against this claim on the merits.

7

at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Plaintiff alleges that Defendant Marsh was the "mailroom supervisor" at the time his mail from this Court was improperly treated as regular mail. (*See* Informal Compl., ECF No. 4, PAGEID #198.) At the initial screen stage, the Court declined to dismiss Marsh for lack of personal involvement because her response to Plaintiff's grievance affirmed the mailroom staff's decision to treat mail from this Court as regular mail because it lacked a control number. The Court found Plaintiff's allegations sufficient to demonstrate that Marsh, in her capacity as mailroom supervisor, had "authorized, approved, or knowingly acquiesced" in the mishandling of Plaintiff's legal mail. (April 1, 2024 R.& R. 10, ECF No. 5-1; adopted May 1, 2024 Op. & Order, ECF No. 9.) At the summary judgment stage, however, Marsh filed an affidavit stating that she was *not* the mailroom supervisor at CCI in 2023 and that she merely "assist[ed] with answering kites and grievances filed by incarcerated individuals for a short period of time." (Marsh. Aff. ¶ 3, ECF No. 33-1, PAGEID #622.) Plaintiff has offered no evidence to contradict Marsh's affidavit; in fact, Plaintiff has offered no evidence or verified allegations that may be considered under Rule 56 at all. (*See* Compl., ECF No. 4; Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 34; Pl.'s Mot. for Summ. J., ECF No. 36.) It is therefore undisputed for purposes of summary judgment that Marsh was not the mailroom supervisor at the time of Plaintiff's legal mail violation. As a result, Marsh's statement in her response to Plaintiff's grievance that mail lacking a control number would have been treated as legal mail was no more than a recitation of ODRC's legal mail policy in effect at the time. As Marsh was not the supervisor of the mailroom staff, her subsequent indication that mailroom staff acted in accordance with ODRC policy did not "cause" the infringement of Plaintiff's First Amendment

8

legal mail rights such that she could incur liability under § 1983. Marsh has therefore shown that she is entitled to summary judgment on Plaintiff's individual-capacity claim.[3]

## IV. DISPOSITION

For these reasons, it is **RECOMMENDED** that Defendant Marsh's Motion for Summary Judgment (ECF No. 33) be **GRANTED** and that Plaintiff's Motion for Summary Judgment (ECF No. 36) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

---

[3] Because the undersigned finds Marsh's lack of personal involvement in any First Amendment violations dispositive, the Court need not consider Defendant's other arguments for summary judgment on Plaintiff's individual-capacity claim.

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE