IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLINTON RUTHERFORD,** | : |
| | : |
| **Plaintiff,** | : |
| | : Case No. 2:24-cv-764 |
| v. | : |
| | : Jude Algenon L. Marbley |
| **CORBY FREE,** *et al.,* | : |
| | : Magistrate Judge Chelsey M. Vascura |
| | : |
| **Defendants.** | : |

### <u>OPINION & ORDER</u>

Plaintiff Clinton Rutherford, proceeding *pro se*, is suing multiple employees of the Chillicothe Correctional Institution ("CCI") under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising out of the improper handling of his legal mail. (ECF No. 4). Plaintiff subsequently sought an injunction against the defendants, requested appointment of counsel, and moved to amend his complaint. (ECF Nos. 14; 18). Now before this Court are Plaintiff's Objections (ECF Nos. 25; 28) to the Magistrate Judge's Report and Recommendations ("R&R," ECF Nos. 15; 26) recommending that this Court deny Plaintiff's Motion for Injunction (ECF No. 14) and Motion to Amend (ECF No. 18). For the reasons stated below, the Magistrate Judge's R&Rs (ECF Nos. 15; 26) are hereby **ADOPTED**. Plaintiff's Objections (ECF Nos. 25; 28) are **OVERRULED** and his pending motions (ECF No. 14; 18) are **DENIED**.

### I.   BACKGROUND

Plaintiff Clinton Rutherford is an inmate at Chillicothe Correctional Institution ("CCI"). (ECF No. 4 at 1). On February 10, 2023, Plaintiff filed an internal complaint with CCI using the inmate grievance procedure that CCI established. (ECF No. 4 at 11). In his informal complaint, he alleged that on February 9, 2023, his legal mail had been improperly opened, not properly retained,

1

and contained unrequested religious materials. (*Id*.). Rutherford escalated this CCI complaint to a formal grievance on February 22, 2023. (*Id*.). On March 7, 2023, Corby Free, an inspector at CCI, reviewed and granted Plaintiff's grievance. (*Id*.). Mr. Free agreed that Rutherford's mail had been improperly destroyed without being held for 30 days and forwarded Rutherford the missing documentation. (*Id*.). Plaintiff escalated the grievance to a CCI appeal, stating that the underlying issue of improper mailroom processing was not resolved. (*Id*. at 12). On April 10, 2023, Assistant Chief Inspector Kelly Riehle affirmed the grievance disposition and closed Plaintiff's complaint. (*Id*. at 14).

On June 8, 2023, Plaintiff filed another CCI complaint, alleging that the mailroom was withholding legal mail he had requested one month prior. (*Id.* at 17). Ashely Marsh, a mailroom supervisor, responded that Plaintiff had not received any legal mail for the mailroom to distribute to him in the last 30 days. (*Id*.). Plaintiff escalated this CCI complaint to a formal grievance on June 11, 2023. (*Id*.). On June 12, 2023, Corby Free responded to the grievance, affirming that Plaintiff had not received any legal mail in the last 30 days and denied the grievance form. (*Id*. at 18).

On February 22, 2024, Plaintiff filed a *pro se* Complaint in this Court, alleging interference with his legal mail, deprivation of property, violation of his free exercise of religion, and retaliation, all pursuant to 42 U.S.C. § 1983. (ECF No. 4). Simultaneously, Plaintiff filed a Motion for Preliminary Injunction (ECF No. 2) and a Motion for Appointment of Counsel. (ECF No. 3). On May 1, 2024, this Court denied Plaintiff's motions, dismissed all of his claims other than the First Amendment legal mail claims against Defendant Marsh arising out of the February 9, 2023, court mailing, and ordered that the Ohio Department of Rehabilitation and Correction ("ODRC") treat this Court's mail as legal mail. (ECF No. 9).

On July 1, 2024, Plaintiff filed a Motion for Miscellaneous Relief (ECF No. 14) requesting an injunction against CCI staff from retaliation and a Motion to Appoint Counsel. (ECF No. 13). On July 17, 2024, Magistrate Judge Vascura filed an R&R recommending this Court deny these motions. ("R&R 1," ECF No. 15). On August 28, 2024, Plaintiff filed his objections to R&R 1, which is now before this Court. (ECF No. 25).

On July 26, 2024, Plaintiff filed a Motion to Amend the Complaint, adding new allegations of theft and further retaliation. (ECF No. 18). On September 4, 2024, Magistrate Judge Vascura issued an R&R recommending this Court deny Plaintiff's motion to amend. ("R&R 2," ECF No. 26). On September 20, 2024, Plaintiff filed his objections to R&R 2, which is now before this Court. (ECF No. 28).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review, however, applies only to "any portion to which a proper objection was made." *Id.* (internal quotation marks and citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For "unobjected portions" of the report and recommendation, a district court "still must satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Parikh*, 708 F. Supp. 3d at 1352 (internal quotation marks and citation omitted).

A general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify

3

each issue to which he or she objects with "sufficient clarity" otherwise, "that issue is deemed waived." *Parikh*, 708 F. Supp. 3d at 1352 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.")).

When a plaintiff is proceeding *pro se*, the court is to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

### III. LAW AND ANALYSIS

#### A. Objections to R&R 1

In R&R 1, the Magistrate Judge found that Plaintiff's Motion for Preliminary Injunction should be denied because Plaintiff failed to make a showing of strong likelihood of success on the merits. (ECF No. 15 at 3). It was also noted that, if the motion was construed as a motion to seek leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d), the allegations would nonetheless be found as futile. (*Id.*).

Liberally construing Plaintiff's *pro se* objections to R&R 1, he contests the conclusion that his Motion for Injunction should be denied because it fails to allege sufficient facts to survive a motion to dismiss. (ECF No. 25). Plaintiff argues that R&R 1 acknowledges that the Complaint properly named the Defendants in this case and identified the actions they took which could be considered retaliatory, namely writing Plaintiff a ticket for being out of place and placing him in restrictive housing. (*Id.* at 2). This Court has reviewed *de novo* R&R 1 as it relates to Plaintiff's objections and finds R&R 1 to be correct in all respects.

4

As to Plaintiff's request for an injunction, Plaintiff's request fails to show a strong likelihood of success on the merits. A preliminary injunction is an "extraordinary remedy" and should be granted only if the movant proves that the circumstances "clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002). In determining whether to issue a preliminary injunction, the court must consider the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citation omitted).

A preliminary injunction may not be issued where the movant fails to show a strong likelihood of success on the merits. *Mich. State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). Circumstances do not "clearly demand" a preliminary injunction against tampering with Plaintiff's mail because this Court has already ordered that ODRC treat mail from this Court as legal mail, with the full legal protections afforded to legal mail. (ECF No. 9).

In his Motion for Injunction, Plaintiff requests an injunction against CCI and all its staff "to refrain from all retaliation." (ECF No. 14 at 4). Plaintiff alleges that he received Defendant Marsh's Answer to his Complaint on June 14, 2024 and the next day, while working on his Response using various legal documents, CCI officers French and Newland took him to "the hole" for being out of place. (*Id*. at 2). Plaintiff claims that when CCI hearing officer Detillion placed him in restrictive housing the next day by, Plaintiff found his legal paperwork had been "messed with" by unnamed officers and some legal documents were missing when Plaintiff's property was returned to him. (*Id*. at 1-2). These allegations, as repeated in the Objection to R&R 1, fail to

5

establish facial plausibility sufficient to state a First Amendment retaliation claim.

> For a First Amendment retaliation claim, a Plaintiff must allege facts showing:
>
> (1) the plaintiff engaged in protected conduct;
> (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and
> (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*See Thaddeus-X v. Blatter*, 175 F.3d 378, 294 (6th Cir. 1999).

Plaintiff satisfies the first element of a retaliation claim because filing inmate grievance claims and lawsuits are protected under the First Amendment. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (inmate "grievances and lawsuits against prison officials [are] undisputedly protected conduct"). But even assuming the second element of deterrence is met by placing Plaintiff in restrictive housing, Plaintiff fails to plead sufficient facts showing a causal connection between the first two elements.

This Court finds that Plaintiff has failed to show a likelihood of success on the merits for his First Amendment retaliation claim. Plaintiff's Objections and Motion for Injunction reassert the timeline of actions taken against him and alleges that they were retaliatory but fails to identify further causation than this temporal relation. (ECF Nos. 14 at 4; 25 at 1). Plaintiff now identifies the officers who allegedly retaliated against him but does not allege any further causal facts showing that placing him in restrictive housing for being out of place was related to his grievances or legal filings. (*Id.* at 1-3). Evidence of the temporal proximity between the filing of grievances and subsequent adverse action is, by itself, insufficient to establish retaliatory motive. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010) (stating that temporal proximity may show retaliatory motive *if paired with other supporting evidence*). Plaintiff does not allege any other supporting evidence that the adverse action was taken in response to his protected conduct, such as disparate treatment or purported statements by the defendants.

6

Likewise, as the Magistrate Judge found, if this Court were to construe the Motion for Preliminary Injunction as a motion to seek leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d), these claims would be futile. A proposed supplemental pleading is futile if it could not withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). To withstand a motion to dismiss for failure to state a claim, the Plaintiff's allegations "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A Plaintiff's allegations establish facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plaintiff fails to state a claim for the same reasons he has failed to prove likelihood of success on the merits. Plaintiff has failed to allege sufficiently any adverse action taken in response to the alleged protected conduct.

Accordingly, Plaintiff's Objections to the R&R 1 (ECF No. 25) are **OVERRULED,** and his Motion for Injunction (ECF No. 14) is **DENIED**.

### B. Objections to R&R 2

Plaintiff's Objections to R&R 2 are not objections to the findings by the Magistrate in R&R 2 but instead raises new claims unrelated to Plaintiff's Motion to Amend that R&R 2 addresses. The Sixth Circuit has stated that "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Moreover, while the Court must consider all timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete

7

failure to object." *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 4 1995)). A litigant must identify each issue to which he or she objects with "sufficient clarity" otherwise, "that issue is deemed waived." *Parikh*, 708 F. Supp. 3d at 1352 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)

Plaintiff's Objections do not address the findings or analysis of R&R 2 but instead raise new issues and attempts to relitigate objections from R&R 1. (ECF No. 28 at 2). R&R 2 recommends denying the Motion to Amend because the proposed claims are futile. (ECF No. 26). Plaintiff's objection states he objects to R&R 2, but discusses the reinstatement of previously dismissed defendants, this Court's previous orders, and contends that R&R 1 was adopted only because this Court had not considered his objections. (*Id.* at 2-4). These claims are unresponsive to R&R 2. This Court cannot identify any specific objections to R&R 2, or its conclusions related to Plaintiff's Motion to Amend.

Accordingly, Plaintiff's Objections to the R&R 2 (ECF No. 28) are **OVERRULED,** and his Motion to Amend (ECF No. 18) is **DENIED**.

## IV. CONCLUSION

Having considered Plaintiff's grounds for relief *de novo* and his objections to the Magistrate Judge's two R&Rs, this Court hereby **ADOPTS** the Magistrate Judge's R&R 1 (ECF No. 15) and R&R 2 (ECF No. 26) and the Objections (ECF Nos. 25; 28) are **OVERRULED**. As such, Plaintiff's pending Motion for Injunction (ECF No. 14) and Motion to Amend (ECF No. 18) are **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 28, 2025**