# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CLINTON RUTHERFORD,** | : |
| Petitioner, | : |
| | : Case No. 2:24-cv-764 |
| v. | : |
| | : Judge Algenon L. Marbley |
| **CORBY FREE,** *et al.,* | : Magistrate Judge Chelsey M. Vascura |
| | : |
| Defendants. | : |

## OPINION & ORDER

Plaintiff Clinton Rutherford, proceeding *pro se*, is suing multiple employees of the Chillicothe Correctional Institution ("CCI") under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising out of the improper handling of his legal mail. (ECF No. 4). Both parties have filed Motions for Summary Judgment. (ECF Nos. 33; 34). Now before this Court are the Plaintiff's Objection (ECF No. 38) to the Magistrate Judge's Report and Recommendation ("R&R," ECF No. 37) recommending that this Court deny the Plaintiff's Motion for Summary Judgment (ECF No. 36) and grant the Defendant's Motion for Summary Judgement. (ECF No. 33).

For the reasons stated below, the Magistrate Judge's R&R (ECF No. 37) is hereby **ADOPTED**. Plaintiff's Objections (ECF No. 38) are **OVERRULED** and his Motion for Summary Judgement (ECF No. 36) is **DENIED**. Defendant's Motion for Summary Judgment (ECF No. 33) is **GRANTED** and the Plaintiff's Complaint (ECF No. 4) is **DISMISSED**.

### I. BACKGROUND

Petitioner Clinton Rutherford is an inmate at Chillicothe Correctional Institution ("CCI"). (ECF No. 4 at 1). On February 10, 2023, Plaintiff filed an internal complaint with CCI using the

inmate grievance procedure that CCI established. (ECF No. 4 at 11). In his informal complaint, he alleged that on February 9, 2023, his legal mail had been improperly opened, not properly retained, and contained unrequested religious materials. (*Id.*). Plaintiff escalated this CCI complaint to a formal grievance on February 22, 2023. (*Id.*). On March 7, 2023, Corby Free, an inspector at CCI, reviewed and granted Plaintiff's grievance. (*Id.*). Mr. Free agreed that Mr. Rutherford's mail had been improperly destroyed without being held for 30 days and forwarded Mr. Rutherford the missing documentation. (*Id.*). Mr. Rutherford escalated the grievance to a CCI appeal, stating that the underlying issue of improper mailroom processing was not resolved. (*Id.* at 12). On April 10, 2023, Assistant Chief Inspector Kelly Riehle affirmed the grievance disposition and closed Plaintiff's complaint. (*Id.* at 14).

On June 8, 2023, Plaintiff filed another CCI complaint, alleging that the mailroom was withholding legal mail he had requested one month prior. (*Id.* at 17). Ashely Marsh, a mailroom supervisor, responded that Plaintiff had not received any legal mail for the mailroom to distribute to him in the last 30 days. (*Id.*). Plaintiff escalated this CCI complaint to a formal grievance on June 11, 2023. (*Id.*). On June 12, 2023, Corby Free responded to the grievance, affirming that Mr. Rutherford had not received any legal mail in the last 30 days and denied the grievance form. (*Id.* at 18).

On February 22, 2024, Plaintiff filed a *pro se* Complaint in this Court, alleging interference with his legal mail, deprivation of property, violation of his free exercise of religion, and retaliation, all pursuant to 42 U.S.C. § 1983. (ECF No. 4). On May 1, 2024, this Court dismissed all of Plaintiff's claims other than the First Amendment legal mail claims against Defendant Marsh arising out of the February 9, 2023, court mailing, and ordered that the Ohio Department of Rehabilitation and Correction ("ODRC") treat this Court's mail as legal mail. (ECF No. 9).

2

Plaintiff was permitted only to continue "his official-capacity claims to the extent he seeks injunctive relief to redress ongoing violations of his First Amendment legal mail rights." (*Id.*).

On December 20, 2024, Defendant Ashley Marsh filed a Motion for Summary Judgment. (ECF No. 32). Plaintiff filed his own Motion for Summary Judgment thereafter on January 8, 2025. (ECF No. 36). On January 15, 2025, Magistrate Judge Vascura issued an R&R recommending this Court deny Plaintiff's Motion for Summary Judgment and grant the Defendant's Motion for Summary Judgment. (ECF No. 37). On January 27, 2025, Plaintiff filed his Objection to the R&R, which is now before this Court. (ECF No. 38).

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review, however, applies only to "any portion to which a proper objection was made." *Id.* (internal quotation marks and citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For "unobjected portions" of the report and recommendation, a district court "still must satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Parikh*, 708 F. Supp. 3d at 1352 (internal quotation marks and citation omitted).

When a petitioner is proceeding *pro se*, the court is to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of

3

substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716-17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmovant; evidence that is "merely colorable" or "not significantly probative" will not defeat summary judgment. *Id.* at 249-50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion, as well as identifying the relevant portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation omitted). If this initial burden is satisfied, the burden then shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Even so, "[t]he mere existence of a scintilla of evidence to support [the

4

nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson*, 477 U.S. at 251.

### III. LAW AND ANALYSIS

#### A. Objections to the R&R

In their R&R, the Magistrate Judge found that Defendant's Motion for Summary Judgment should be granted, and Plaintiff's reciprocal Motion for Summary Judgment be denied, because Plaintiff has offered no evidence or verified allegations to rebut Defendant Marsh's affidavit which states she was not personally involved with the mail interference claims nor was she the mailroom supervisor at that time. (ECF No. 37 at 8).

Liberally construing Plaintiff's *pro se* objections to R&R, he contests that Defendant Ashley Marsh was in fact the mailroom supervisor at the time of the February 9, 2023, mail mishandling, or was otherwise acting as a supervisor by her conduct. (ECF Nos. 38 at 3; 40 at 2). Plaintiff supports this claim by stating that Defendant Marsh's transfer to a new division on July 1, 2024, is part of an orchestrated cover-up scheme to avoid accountability arising from this suit filed on February 22, 2024. (ECF No. 38 at 4). Plaintiff states that by responding to his inmate grievance regarding mailroom misconduct, Defendant Marsh was a *de facto* supervisor because "[a] person who takes the role in answering the kite to a supervisor assumes the role of the supervisor." (ECF No. 40 at 2). Plaintiff argues that his Motion for Summary Judgment be granted as to his two claims against Defendant Marsh in her official and individual capacities. (ECF No. 34)

There remains no possible redress for Plaintiff's official capacity claims in this Court, as they have already been satisfied by a "Stipulated Order Regarding Legal Mail from Federal

5

Courts" that ODRC entered into in a separate case. *See Allah v. Chambers-Smith*, 2:22-cv-00021-EAS-KAJ, Doc. 91. In pertinent part, the Stipulated Order requires that:

> "[a]ll mail sent by federal courts and addressed to incarcerated persons at the address of record, shall be delivered to the incarcerated person at the institution where he or she is housed and processed and treated at the institution by ODRC staff and employees as legal mail."

*Id.* at 5. In the case before this Court, Plaintiff was permitted to continue with his official-capacity claims only "to the extent he seeks injunctive relief to redress ongoing violations of his First Amendment legal mail rights." (ECF No. 9). The June 25, 2024, Stipulated Order made ODRC subject to a court order that provides precisely the injunctive relief Plaintiff now seeks in his official capacity claim because ODRC now must treat Plaintiff's mail from the courts as legal mail. As this injunction satisfies the only relief sought, Plaintiff's official capacity claim is therefore moot. *See Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561, 565 (6th Cir. 2020) (an order from another source prohibiting the conduct complained of renders a claim for an injunction of said conduct moot).

As to Plaintiff's remaining individual capacity claims, Defendant Marsh has provided sufficient evidence showing that she lacked the necessary personal involvement in the mail mishandling allegations to incur liability under 42 U.S.C. § 1983. Defendant Marsh's Motion for Summary Judgment asserts that she is entitled to summary judgment because no reasonable trier of fact could find that based on the Plaintiff's evidence, Defendant Marsh had sufficient personal involvement in the mishandling of Plaintiff's legal mail. (ECF No. 33 at 11).

Plaintiff alleges that the mail he received from the courts was "copied incorrectly" and had unrequested religious paraphernalia inserted. (ECF No. 38 at 7). Plaintiff does not identify who it was that mishandled the mail but instead points to Defendant Marsh, claiming that she was the mailroom supervisor without further evidence. (ECF No. 34 at 3).

6

In her Motion for Summary Judgment, Defendant Marsh attaches an affidavit wherein she affirms she was not the mailroom supervisor in 2023 and did not process the mail for Plaintiff on February 9, 2023. (ECF No. 33-1 at 76). Defendant Marsh does concede that she responded to Plaintiff's inmate grievance about the mishandled mail the next day and recited CCI policy at that time regarding the processing of mail that lacked control numbers as a possible explanation for what had occurred. (*Id.*).

A plaintiff must allege personal involvement by the named defendant for liability to sufficiently attach in a claim under 42 U.S.C. § 1983. *Castellon v. Hinkle*, No. 22-4011, 2023 U.S. App. LEXIS 26767, at *4 (6th Cir. Oct. 6, 2023). "Supervisory officials are not liable in their individual capacities unless they 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982).

This Court finds that no reasonable jury could find for the Plaintiff based on the plead and uncontested evidence of the parties. Plaintiff has not offered more than some metaphysical doubt as to the involvement of Defendant Marsh as a mailroom supervisor. Even were there to be such evidence, Plaintiff has not offered evidence as to how exactly Defendant Marsh's supervision directly caused the issues of this case. Merely responding to an inmate's complaint does not sufficiently entangle an individual or supervisor in liability for the underlying unconstitutional conduct. *Castellon* at *4 (6th Cir. Oct. 6, 2023).

Defendant Marsh's affidavit stating that she was *not* a mailroom supervisor at CCI in 2023 is uncontested by the Plaintiff beyond his general claims that by responding to his inmate

7

grievances, Defendant Marsh was an acting supervisor. (ECF No. 40 at 2). As stated in *Castellon*, merely responding to inmate grievances does not sufficiently personally involve an individual for the purposes of a claim under 42 U.S.C. § 1983. Therefore, at this summary judgment juncture it is undisputed that Defendant Marsh was not the mailroom supervisor and had no personal involvement with the alleged mishandling of Plaintiff's mail.

As Defendant Marsh was neither a supervisor nor personally involved, her subsequent statements regarding ODRC mail policies did not "cause" the unconstitutional conduct complained of by the Plaintiff. Plaintiff's own Motion for Summary Judgment provides no evidence supporting Defendant Marsh's personal involvement and merely restates his claims. Plaintiff has failed to show personal involvement by Defendant Marsh for liability to sufficiently attach in a claim under 42 U.S.C. § 1983. Therefore, Defendant Marsh is entitled to summary judgment on Plaintiff's individual capacity claim.

## IV.    CONCLUSION

Having considered Plaintiff's grounds for relief *de novo*, the Plaintiff's Objections (ECF No. 48) are **OVERRULED**; this Court hereby **ADOPTS** the Magistrate Judge's R&R (ECF No. 37); the Plaintiff's Motion for Summary Judgment is **DENIED**; the Defendant's Motion for Summary Judgment is **GRANTED**; and the Plaintiff's Complaint (ECF No. 4) is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 17, 2025**