IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLINTON RUTHERFORD,                     :
                                        :
       **Plaintiff,**                     :   **Case No. 2:24-cv-764**
                                        :
     **v.**                                :   **Chief Judge Algenon L. Marbley**
                                        :
**CORBY FREE,** *et al.*,               :   **Magistrate Judge Chelsey M. Vascura**
                                        :
                                        :
     **Defendants.**                   :

## OPINION & ORDER

This matter is before the Court on Rutherford's Motions for Reconsideration, for Subpoena, and to Appoint Counsel. (ECF Nos. 44, 45, 46). For the reasons set forth herein, Rutherford's Motions are **DENIED**.

## I.       BACKGROUND

On February 22, 2024, Plaintiff, Clinton Rutherford filed this action against various employees of the Chillicothe Correctional Institution ("CCI") under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising out of the improper handling of his legal mail. (ECF No. 4). Rutherford is currently incarcerated at CCI and alleged that on February 9, 2023, his legal mail had been improperly opened, not properly retained, and contained unrequested religious materials. (*Id.*). Prior to filing an action in this Court, Rutherford escalated his complaints through various informal and formal channels within CCI to no avail. (*Id.* at 11–17). As a result, Rutherford sought relief in this Court. After an initial review, however, this Court dismissed all of his claims other than his First Amendment legal mail claims against Defendant Marsh arising out of the February 9, 2023, incident. (ECF No. 9).

1

Following summary judgment briefing, the Magistrate Judge issued a Report & Recommendation ("R&R") recommending this Court deny Rutherford's Motion for Summary Judgment (ECF No. 36) and grant Marsh's Motion for Summary Judgment (ECF No. 32). (ECF No. 37). On January 27, 2025, Rutherford filed objections to the Magistrate Judge's order. (ECF No. 38). Subsequently, on September 17, 2025, this Court overruled Rutherford's objections reasoning that Rutherford "offered no evidence or verified allegations to rebut Defendant Marsh's affidavit which states she was not personally involved with the mail interference claims nor was she the mailroom supervisor at that time." (ECF No. 42 at 5). Further, this Court clarified that there remains no possible redress for Rutherford's official capacity claims in this Court given they have already been addressed by a "Stipulated Order Regarding Legal Mail from Federal Courts" entered by ODRC in a separate case, requiring that the ODRC treat all incarcerated person's mail from the courts as legal mail. (*See id.* at 6) (citing *Allah v. Chambers-Smith*, 2:22-cv-00021- EAS-KAJ, ECF No. 91).

Now, Rutherford requests that this Court reconsider its prior ruling and reopen this case. Rutherford also requests a subpoena to obtain the duty roster for Defendant Marsh and seeks the appointment of counsel. This Court will address these issues in turn below.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits parties to move for a court to alter or amend a previously issued judgment. The Court will only grant relief under Rule 59(e) to correct one of the following: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *Ogden v. Fortress Grp. USA*, 550 F. App'x 283, 284 (6th Cir. 2014) (citing *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). District courts have considerable discretion in deciding whether to grant motions filed

2

under Fed. R. Civ. P. 59 and circuit courts review decisions for abuse of discretion. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014).

### III.    LAW AND ANALYSIS

First, this Court will address Rutherford's Rule 59(e) Motion for Reconsideration. Rutherford argues that he never received Defendant Marsh's statement in which she attested she was not the mailroom supervisor during the relevant time period and thus was deprived of a chance to object. (ECF No. 44 at 2). Rutherford contends that Marsh's affidavit was the product of perjury and argues that he should be allowed to present evidence proving she was the mailroom supervisor from 2021–2025. (*Id.* at 3). Additionally, Rutherford states that he believes his case is linked to a class action  regarding the ODRC mail policy and therefore his case should be re-opened to join the class action. (*Id.* at 4).

Rule 59(e) allows review of a final judgment if a plaintiff demonstrates: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *Ogden*, 550 F. App'x at 284. Rutherford's Motion to Reconsider, however, does not fall into any of the Rule 59(e) categories. In support of Rutherford's arguments that Defendant Marsh committed perjury, he attaches documentation of Defendant Marsh responding to his kite messages in 2023 regarding his complaints about the mail. (ECF No. 44-1). Such documents are no different from the ones attached to his initial complaint and therefore do not constitute new evidence. (ECF No. 1-5). Further, despite Rutherford's contentions, this Court finds no discrepancies in Rutherford's affidavit. She attested that though she was the mailroom supervisor at the time of the affidavit, she was not the mailroom supervisor at the time of the incident, nor did she have any involvement in the handling of Rutherford's mail, despite her responding to Rutherford's kite messages and grievances. (ECF No. 33-1, Exhibit 3). As to

Rutherford's contention that he should be allowed to present evidence that Marsh was the supervisor during the relevant time period, Rutherford should have and could have sought such records prior to summary judgment briefing yet failed to do so. Now Rutherford merely attempts to relitigate various arguments already raised in his prior objection, which this Court will not reconsider, nor would such arguments be permitted under Rule 59(e). *Campbell v. Forlini,* 2025 WL 1970244, at *1 (E.D. Mich. July 16, 2025) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)) (reasoning that Rule 59(e) "may not be used to relitigate issues of disagreement with a court's initial ruling.").

Additionally, Rutherford's contention that this case should be reopened due to other pending lawsuits regarding the ODRC mail policy also lacks merit. As support for his arguments, Rutherford attaches the Magistrate Judge's Order in *Holmes v. Ohio Dep't of Rehab.*, 2:23-cv-3147-SDM-PBS, ECF No. 35. The Magistrate Judge noted that since the entry of the stipulation in *Allah v. Chambers-Smith*, various inmates have filed complaints arguing that the ODRC is not following the stipulated procedures requiring them to treat inmate mail as legal mail. (*Id.* at 3). The Magistrate Judge also noted that a class action regarding similar issues had been filed. (*Id.* at 1). As a result, the Magistrate Judge reasoned that "in the interest of judicial economy and to avoid any potentially duplicative litigation and conflicting results" it was appropriate to stay Holme's case until a decision in *Shine-Johnson*, *et al. v. Chambers-Smith*, *et al.* 2:22cv3236-JLG-SKB, a case covering similar issues that was proceeding with discovery, is rendered. (*Id.* at 3).

Despite such, this Court does not find this sufficient to re-open Rutherford's case regarding his official capacity claims. Rutherford sought relief to redress ongoing violations of his First Amendment legal mail rights. If it is determined in the other pending cases that Rutherford cites that the ORDC is not in compliance with the Stipulated Order from *Allah v. Chambers-Smith*, such

4

decision will also prohibit the ODRC from continuing such conduct against Rutherford. Thus, this Court sees no basis for this Court to re-open Rutherford's case given he has no other valid claims. *See Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561, 565 (6th Cir. 2020) (reasoning that an order from another source prohibiting the conduct complained of renders a claim for an injunction of said conduct moot). Additionally, Rutherford is not a member of the pending class action. Thus, Rutherford's requested relief under Rule 59(e) is **DENIED**.

Given that this Court has declined to re-open this case, Rutherford's Motions for Subpoena and to Appoint Counsel are **DENIED as MOOT**.

## IV.     CONCLUSION

For the foregoing reasons, Rutherford's Motion for Reconsideration (ECF No. 44) is **DENIED**. Rutherford's Motions to Subpoena and to Appoint Counsel are **DENIED as MOOT**. (ECF Nos. 45, 46).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 2, 2026**